**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4127

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TAWANDA NICOLE REESE, a/k/a Dirty Red,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Terry L. Wooten, Senior District Judge. (3:16-cr-00254-TLW-1)

Submitted: December 30, 2019                    Decided: January 9, 2020

Before NIEMEYER, AGEE, and DIAZ, Circuit Judges.

Affirmed in part, dismissed in part, and remanded by unpublished per curiam opinion.

G. Wells Dickson, Jr., WELLS DICKSON, P.A., Kingstree, South Carolina, for Appellant. Jane Barrett Taylor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tawanda Nicole Reese appeals her conviction and 84-month sentence pursuant to her guilty plea to possession with intent to distribute and distribution of marijuana, in violation of 21 U.S.C. § 841(a)(l), (b)(l)(D) (2018). Reese's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Reese's plea and whether Reese's sentence is reasonable. Reese did not file a pro se supplemental brief despite being notified of her right to do so. The Government moves to dismiss this appeal as barred by the appellate waiver contained in Reese's plea agreement. We affirm in part, dismiss in part, and remand to correct a clerical error in the amended judgment.

Counsel first questions whether the district court complied with Rule 11, but counsel points to no specific error. Reese's waiver of appellate rights does not prevent her from challenging the validity of the plea itself. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir.), *cert. denied*, 139 S. Ct. 494 (2018). We therefore deny in part the Government's motion to dismiss and review Reese's challenge to the adequacy of the plea colloquy for plain error. *See United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016) (reviewing Rule 11 hearing for plain error where defendant failed to move to withdraw guilty plea); *see also Henderson v. United States*, 568 U.S. 266, 272 (2013) (describing standard).

Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines the defendant understands, the rights she is relinquishing by pleading guilty, the charges to which she is pleading, and the maximum and mandatory minimum penalties she faces. Fed. R. Crim. P. 11(b)(1); *United States v.*

2

*DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the plea was voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3). Although the court omitted several Rule 11 inquiries, we conclude that these minor omissions did not affect Reese's substantial rights; Reese was competent to enter her plea, *see United States v. Nicholson*, 676 F.3d 376, 382 (4th Cir. 2012); she entered her plea knowingly and voluntarily; and a factual basis supported the plea, *see DeFusco*, 949 F.2d at 116, 119-20. Accordingly, we affirm her conviction.

Turning to Reese's appeal of her sentence, where, as here, the Government seeks to enforce the appeal waiver and Reese has not alleged a breach of the plea agreement, we will enforce the waiver if it is valid and the issue being appealed falls within the waiver's scope. *United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018). Reese does not contest that she knowingly and intelligently waived her right to appeal, *see United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010), and our de novo review of the plea hearing leads us to conclude that the waiver is valid and enforceable, *see United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018) (stating standard of review). Moreover, because the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, does not affect Reese's sentence, her reasonableness challenge falls within the waiver's scope.

Accordingly, we grant in part the Government's motion to dismiss and dismiss the appeal of Reese's sentence, and we deny in part the Government's motion and affirm Reese's conviction. We remand the case, however, so that the district court may amend the judgment to reflect that Reese pleaded guilty to violating 21 U.S.C. § 841(a)(1),

(b)(1)(D).[*] *See* Fed. R. Crim. P. 36.  In accordance with *Anders*, we have reviewed the record and have found no meritorious grounds for appeal that fall outside the scope of the waiver.  This court requires that counsel inform Reese, in writing, of the right to petition the Supreme Court of the United States for further review.  If Reese requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Reese.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART,*
*AND REMANDED*

---

[*] The criminal judgment erroneously reported that Reese also pleaded guilty to violating 21 U.S.C. § 841(b)(1)(C).

4